UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESE HERNANDEZ-MENDOZA,<br><br>              Movant,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | 5:15-CV-05077-KES<br><br>ORDER FOR SERVICE<br>AND<br>ORDER TO SHOW CAUSE |

**INTRODUCTION**

Movant, Jese Hernandez-Mendoza, an inmate at the federal Taft Correctional Institution in Taft, California, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge.

**FACTS**

Mr. Hernandez-Mendoza was found guilty by a jury of conspiracy to distribute a controlled substance (Count I) and two counts of possession with intent to distribute a controlled substance (Counts II and III). He was sentenced on December 1, 2008, to 121 months' imprisonment. Mr. Hernandez-Mendoza filed a direct appeal and the Eighth Circuit Court of Appeals affirmed. A mandate was issued on July 15, 2010. Mr. Hernandez-

Mendoza appealed to the United States Supreme Court and his petition for a writ of certiorari was denied on February 28, 2011.

On November 19, 2014, Mr. Hernandez-Mendoza filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was granted on January 5, 2015, and an amended judgment was entered setting forth a sentence of 120 months' imprisonment on each count, all such counts to run concurrently, effective November 1, 2015. Mr. Hernandez-Mendoza filed this motion on October 26, 2015.

## DISCUSSION

Rule 4 of the Rules Government Section 2255 Proceedings states in pertinent part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Consistent with the duty imposed on this court by Rule 4 above, the court has examined Mr. Hernandez-Mendoza's § 2255 motion. The issue of whether Mr. Hernandez-Mendoza's motion was timely made is apparent from a reading of the motion. The statute of limitations for § 2255 motions is as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;

>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Of the four specified dates listed in § 2255(f), only one is relevant here–"the date on which the judgment of conviction becomes final." Id.  A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied…]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (For the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  The time for filing a petition for certiorari is 90 days after entry of the Court of Appeals' judgment.  Clay, 537 U.S. at 525.

In this case, Mr. Hernandez-Mendoza did seek a writ of certiorari from the Supreme Court. That petition was denied by the Court on February 28, 2011. Thus, Mr. Hernandez-Mendoza had one year from that date—or until February 28, 2012—to file his instant motion pursuant to § 2255. It appears Mr. Hernandez-Mendoza's motion is, therefore, more than three years too late.

In the Eighth Circuit, the doctrine of equitable tolling has been extended to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is only applicable in two instances: "(1) if there are extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional

4

citation omitted). Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

## CONCLUSION AND ORDER

With the above general principles in mind, and having preliminarily reviewed Mr. Hernandez-Mendoza's motion, it is hereby

ORDERED that:

1. The Clerk of Court is directed to serve upon the attorney for the United States copies of Mr. Hernandez-Mendoza's motion (Docket 1) and this Order;

2. On or before November 30, 2015, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Mr. Hernandez-Mendoza's § 2255 motion, filed October 26, 2015, should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

DATED this 28th day of October, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge