Case 5:15-cv-05077-KES   Document 7   Filed 03/29/16   Page 1 of 5 PageID #: 28

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



**FILED**
MAR 29 2016
CLERK

| | |
|---|---|
| JESE HERNANDEZ-MENDOZA,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:15-CV-05077-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Movant, Jese Hernandez-Mendoza, a federal inmate filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge. Previously, the court ordered the parties to file briefs showing cause why Mr. Hernandez-Mendoza's motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). Mr. Hernandez-Mendoza did not file a brief. The government responded the motion should be dismissed as untimely.

## FACTS

Mr. Hernandez-Mendoza was convicted of conspiracy to distribute a controlled substance and two counts of possession with intent to distribute a controlled substance. He was sentenced on December 1, 2008, to 121 months'

imprisonment. Mr. Hernandez-Mendoza appealed and the Eighth Circuit Court of Appeals affirmed. A mandate was issued on July 15, 2010. Mr. Hernandez-Mendoza petitioner the United States Supreme Court for a writ of certiorari. The Court denied the petition on February 28, 2011.

On November 19, 2014, Mr. Hernandez-Mendoza filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was granted on January 5, 2015, and an amended judgment was entered setting forth a sentence of 120 months' imprisonment on each count, all such counts to run concurrently, effective November 1, 2015. Mr. Hernandez-Mendoza filed the instant § 2255 motion on October 26, 2015.

## DISCUSSION

The statute of limitations for § 2255 motions is as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

2

Of the four specified dates listed in § 2255(f), only one is relevant here–"the date on which the judgment of conviction becomes final." Id. A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

In this case, Mr. Hernandez-Mendoza did seek a writ of certiorari from the Supreme Court. That petition was denied by the Court on February 28, 2011. Thus, Mr. Hernandez-Mendoza had one year from that date—or until February 28, 2012—to file his instant motion pursuant to § 2255. Mr. Hernandez-Mendoza did not file his motion until October 26, 2015, more than three years too late.

In the Eighth Circuit, the doctrine of equitable tolling applies to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United

3

States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is only applicable in two instances: "(1) if there are extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional citation omitted). Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

The burden is on Mr. Hernandez-Mendoza to demonstrate circumstances exist which would justify equitable tolling. Id. He has made no showing at all. Despite being notified by the court of the issue of the statute of limitations and being asked by the court to address the issue (see Docket No. 4), he has chosen to remain silent. In asking Mr. Hernandez-Mendoza to address this issue, the court notified him that dismissal of his motion was a possible consequence. See Docket No. 4. This notice did not prompt him to respond. In reviewing the

4

pleadings in this case and the history of Mr. Hernandez-Mendoza's criminal case, there are no facts apparent to the court which would justify equitably tolling the statute of limitations in this case. Accordingly, the court will recommend dismissal on the basis of untimeliness.

## CONCLUSION

Based on the foregoing facts, law and analysis, this court respectfully recommends that Mr. Hernandez-Mendez's § 2255 motion to vacate, set aside, or correct his sentence [Docket No. 1] be denied with prejudice as untimely. The court further recommends that no certificate of appealability issue.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of March, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

5